IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

R.P. and C.F.,

    Plaintiffs,

v.                                                          No. 1:18-cv-01051 KWR/KK

THE SANTA FE PUBLIC SCHOOLS,
AND GARY F. GREGOR, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants Santa Fe Public Schools' and Gary F. Gregor's Motion to Dismiss Plaintiffs' claims, filed January 30, 2019 **(Doc. 25).** Having reviewed the parties' pleadings and the applicable law, the Court finds the Motion is not well-taken and, therefore is **DENIED.**

### BACKGROUND

Plaintiffs filed their complaint on October 9, 2018, alleging claims under 42 U.S.C. § 1983, 20 U.S.C. § 1681 (Title IX), and the New Mexico Tort Claims Act (the "NMTCA"). Plaintiffs allege that in 2003-2004 school year their fourth grade teacher, Defendant Gregor repeatedly sexually assaulted them while they were students at Agua Fria Elementary. Plaintiffs, in extensive detail over 39 pages, describe how Defendant Gregor allegedly groomed them, touched them, kissed them, injected them with drugs, touched their genitals, and penetrated them. **Doc. 1-9.** Plaintiff R.P. also alleges he raped her. *Id.*

Plaintiffs are now older than 24 years old. They allege that since the abuse, they have suffered from severe drug addiction and serous mental problems rendering them incapable of

managing their affairs, with symptoms such as disassociation. *Id*. ¶¶ 102, 215. R.P. asserts she suffers from PTSD, fear, and anxiety stemming from her abuse by Defendant Gregor. *Id.*

Plaintiffs asserted the following claims against Defendants Santa Fe Public Schools and Gregor:

> Count I: Substantive Due Process violation under the Fourteenth Amendment (§ 1983) against Defendant Gregor.
> Count II: Federal Constitutional Violation (§ 1983) against Defendant Santa Fe Public Schools
> Count IV: Title IX, 20 USC §§ 1681-88, for Sexual Abuse, against Defendant Santa Fe Public Schools
> Count V: Claims under the New Mexico Tort Claims Act against Defendant Santa Fe Public Schools

Defendants Gregor and Santa Fe Public Schools seek to dismiss these claims on the basis that they are time barred.

## DISCUSSION

**I. <u>Legal Standard</u>.**

In reviewing a Fed. R. Civ. P. 12(b)(6)[1] motion to dismiss, "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

---

[1] The parties refer to the Motion **(Doc. 25)** as a motion to dismiss and cite to the Fed. R. Civ. P. 12(b)(6) standard, although Defendants had already filed answers. Therefore, the Court will assume that is the appropriate standard. The legal standard governing judgment on the pleadings under Fed. R. Civ. P. 12(c) is substantially similar. *See Mata v. Anderson*, 760 F. Supp. 2d 1068, 1083 (D.N.M. 2009), *citing Atl. Richfield Co. v. Farm Credit Bank,* 226 F.3d 1138, 1160 (10th Cir. 2000).

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*

II. **Federal Claims**.

Defendants assert that the 42 USC § 1983 and Title IX claims should be dismissed, because they are barred by the statute of limitations. The Court disagrees.

A. **Statute of Limitations Law for Federal Claims.**

Generally, affirmative defenses such as the statute of limitations are fact-based and should not be a basis for dismissal under Fed. R. Civ. P. 12(b)(6). However, "if the allegations, taken as true, show the requested relief is barred by the statute of limitations, dismissal for failure to state a claim is proper. The statute of limitations defense, however, must be patently clear from the face of the complaint or rooted in adequately developed facts." *Graham v. Taylor*, 640 F. App'x 766, 768–69 (10th Cir. 2016) (internal citations and quotation marks omitted). Where the statute of limitations violation is clear on the face of the complaint, Plaintiffs bear the burden of establishing a factual basis for tolling or estoppel. *Chrisco v. Holubek*, 711 F. App'x 885, 888 (10th Cir. 2017), *citing Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.") (citations omitted); *see also City of Carlsbad v. Grace,* 1998-NMCA-144, ¶ 8, 126 N.M. 95, 98, 966 P.2d 1178, 1181 ("[T]he party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position.").

As to these federal claims, Courts apply the statute of limitations and tolling law of the relevant state. *Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985). If "state law provides multiple

3

statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 250 (1989). In New Mexico, the limitations period for § 1983 and Title IX actions is three years. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014). Moreover, only generally applicable tolling statutes apply, such as those based on minority, incapacity, and equitable grounds. *Id*.

Here, it appears on the face of the complaint that the three-year statute of limitations has run. However, Plaintiffs argue that the statute of limitations has been statutorily tolled on the basis of (1) minority and (2) incapacity.

Initially, the Court notes that it appears that the Plaintiffs qualify for minority tolling until the age of 19. *See* NMSA § 37-1-10; *Doe 1 v. Espanola Pub. Sch.*, No. CV 17-917 KK/LF, 2019 WL 586661, at *7 (D.N.M. Feb. 12, 2019). However, Plaintiffs admit that they filed this action after they turned 24 years old. Therefore, it appears that tolling on the basis of minority is not sufficient to render this action timely.

Plaintiffs also argue that a tolling provision applicable to childhood sexual abuse actions tolls the statute of limitations in this case. *See* NMSA § 37-1-30 (providing that personal injury actions based on childhood sexual abuse shall be commenced before the later of (1) "the first instance of the person's twenty-fourth birthday" or (2) "three years from the date that a person first disclosed the person's childhood sexual abuse to a licensed medical or mental health care provider."). The Tenth Circuit squarely rejected this argument, reasoning that NMSA § 37-1-30 is not a generally applicable tolling provision and therefore does not apply to § 1983 or Title IX claims. *Varnell*, 756 F.3d at 1213.

4

### B. **Plaintiffs plausibly allege that the statute of limitations is tolled by incapacity.**

However, Plaintiffs argue that they were incapacitated through chronic mental illness or drug abuse caused by the sexual abuse, and therefore the statute of limitations was tolled.

Section § 37-1-10 provides:

> [t]he times limited for the bringing of actions by the preceding provisions of this chapter shall, in favor of minors and incapacitated persons, be extended so that they shall have one year from and after the termination of such incapacity within which to commence said actions.

A plaintiff's incapacity will toll the applicable statute of limitations where she is "unable to manage [her] business affairs or estate, or to comprehend [her] legal rights or liabilities." *Lent v. Emp't Sec. Comm'n of State of N.M.*, 1982-NMCA-147, ¶¶ 12-13, 99 N.M. 407, 410, 658 P.2d 1134, 1137. New Mexico's Probate Code defines incapacitated person as:

> any person who demonstrates over time either partial or complete functional impairment by reason of mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication or other cause, except minority, to the extent that he is unable to manage his personal care or he is unable to manage his property and financial affairs.

N.M. Stat. Ann. § 38-4-14; *see JM through Foley v. N.M. Dep't of Health*, Civ. No. 07-0604 RB/ACT, 2008 WL 11409153, at *4 (D.N.M. Dec. 31, 2008) (relying on Section 38-4-14 to interpret the term "incapacitated persons" under Section 37-1-10). Therefore, it appears that mental illness or chronic drug use may be a basis to toll the statute of limitations, if it renders Plaintiffs unable to manage their affairs or comprehend their legal rights. *See Doe 1 v. Espanola*, 2019 WL 586661, at *8 (holding that there was a genuine issue of material fact whether Plaintiff's mental illness and chronic drug use incapacitated her so as to toll statute of limitations), *citing Hess v. Fuller*, No. CIV.A. 88-2272-O, 1990 WL 37608, at *4 (D. Kan. Mar. 28, 1990) (whether

plaintiff's drug and alcohol addictions rendered him "incapacitated" under Kansas tolling provision was "a disputed question of material fact, making summary judgment inappropriate").

Plaintiffs alleged in their complaint as follows:

> To this day, R.P. suffers acutely from post-traumatic stress, fear, and anxiety stemming from her abuse by Defendant Gregor, and has had trouble relating to men, particularly men in authority.
> …
> In the years following Defendant Gregor's sexual abuse… both C.F. and R.P. have had serious mental health problems, including problems rendering them incapable of managing their affairs, with symptoms such as disassociation and addiction.

**Doc. 1-9, ¶¶ 102, 215.**

The Court concludes that Plaintiffs plausibly allege that their mental illness or drug use incapacitated them and tolled the statute of limitations. NMSA § 37-1-10.[2] Whether Plaintiffs' mental illness or drug use *in fact* incapacitated them is an issue for summary judgment or trial.

### III.     New Mexico Tort Claims Act ("NMTCA").

Defendant Santa Fe Public Schools also seeks to dismiss the NMTCA claims under Count V, arguing that such claims are time barred under the applicable statute of limitations.

#### A.     New Mexico Tort Claims Act Statute of Limitations.

Generally, state law tort claim against a New Mexico governmental entity must be brought pursuant to the NMTCA. The NMTCA preserves sovereign immunity against tort claims for state governmental entities and public employees acting in the scope of their duties, except as specifically waived. *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.*, 462 F.3d 1244, 1250 (10th Cir. 2006); *College Savings Bank v. Fl. Prepaid Postsecondary Education Expense Bd.*, U.S. 527, 666, 675 (1999) (a state's sovereign immunity precludes suits against a state or its employees

---

[2] The Court notes that the equitable tolling and estoppel analysis below also applies to the federal claims, and is another basis to deny the motion to dismiss.

except as specified where immunity has been waived).

The New Mexico Tort Claims Act has its own statute of limitations of two years, and does not appear to incorporate other tolling statutes. NMSA. § 41-4-15(A); *Spurlock v. Townes*, No. 9-CV-786 WJ/DJS, 2010 WL 11470590, at *1 (D.N.M. June 23, 2010). The parties appear to agree that this statute of limitations applies. Therefore, the statute of limitations violation is clear on the face of the complaint.

### B.     Court Declines to Dismiss NMTCA Claim at this time.

Plaintiffs argue that the NMTCA claims should not be dismissed as untimely because (1) the statute of limitations violates Plaintiffs' due process rights, and (2) the statute of limitations should be equitably tolled or estopped.

The New Mexico Supreme Court has held that it violates a child's due process rights to apply a limitations deadline when she is not capable of meeting that deadline. *Campos v. Murray*, 2006-NMSC-020, ¶ 16, 139 N.M. 454, 458, 134 P.3d 741, 745, *quoting Jaramillo v. Bd. of Regents of Univ. of New Mexico Health & Scis. Ctr.*, 2001-NMCA-024, ¶ 7, 130 N.M. 256, 257, 23 P.3d 931, 932 ("cases involving children do not focus on the absolute or relative length of time of the requirement, and instead focus on whether it is reasonable to expect a person in the injured child's circumstances to be able to meet the requirement."); *Doe 1 v. Espanola Pub. Sch.*, 2019 WL 586661, at *11 ("New Mexico law is well settled regarding a minor's due process right to a reasonable amount of time to bring a claim under the NMTCA."). However, this argument does not appear to save Plaintiffs' claims here, as they were not minors at the time they filed these claims. Plaintiffs filed their claims after they turned 24 years old.

Plaintiffs argue that they were incapacitated, and it would also violate their due process

7

rights to apply the NMTCA statute of limitations while they were incapacitated. However, Plaintiffs have not cited to any New Mexico case law applying this due process analysis to their incapacity tolling argument. Rather, the *Jaramillo* and *Campos* cases above refer to the unique circumstances surrounding minor children. The Court need not address this apparently novel state law issue at this time, because the Court finds that Plaintiffs have plausibly pled allegations underlying an equitable tolling or estoppel argument, or a discovery/accrual argument.[3] **Doc. 32, p. 11-13.**

Equitable tolling of the statute of limitations must be determined on a case by case basis. *Gardner v. Prison Health Servs., Inc.*, 985 F.Supp. 1257, 1258 (D. Kan. 1997). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted). Conduct by a defendant may qualify as an extraordinary event. Equitable tolling may be appropriate where "the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). Such "extraordinary event[s] include conduct by a defendant that caused the plaintiff to refrain from filing an action during the applicable period." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (applying New Mexico law).

The doctrine of equitable estoppel applies where a party has "(1) made a statement or action that amounted to a false representation or concealment of material facts, or intended to convey

---

[3] For similar reasons, the Court also does not address Plaintiffs' argument that NMSA § 37-1-30 tolls the NMTCA claims.

facts that are inconsistent with those a party subsequently attempts to assert, with (2) the intent to deceive the other party, and (3) knowledge of the real facts other than conveyed" and the other party does "(1) not know the real facts, and (2) change[s] his or her position in reliance on the estopped party's representations." *Blea*, 2005-NMSC-029, ¶ 20, 138 N.M. 348, 120 P.3d 430 (citing *Lopez v. State*, 1996-NMSC-071, ¶ 18, 122 N.M. 611, 930 P.2d 146).

The Court concludes that Plaintiff has plausibly pled allegations underlying one or more of the above equitable theories. Defendant Gregor instructed Plaintiffs, at the time fourth graders, to keep the sexual contact secret. Moreover, Defendant Santa Fe Public Schools decided not to inform parents of the alleged sexual assaults when Defendant Gregor was let go from his teaching position. They did so to allegedly avoid "alarming" parents. **Doc. 1-9, ¶ 166.** Therefore, there is a plausible argument that Defendants concealed the action from Plaintiffs, especially considering Plaintiffs were in the fourth grade when these incidents occurred.

Moreover, as explained above, Plaintiffs plausibly allege that Defendant Gregor's actions led to their mental illness and chronic drug abuse that made them incapable of managing their affairs or understanding their legal rights. This could be the type of extraordinary event that equitably tolls the statute of limitations. *See generally Doe 1 v. Espanola Pub. Sch.*, 2019 WL 586661.

**IT IS THEREFORE ORDERED** that Defendant Santa Fe Public Schools' and Defendant Gary F. Gregor's Motion to Dismiss Plaintiffs' claims **(Doc. 25)** is **DENIED.**

_____
KEA W. RIGGS
United States District Judge