## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

R.P. and C.F.,

     Plaintiffs,

v.                                     No. 1:18-cv-01051-KWR-KK

THE SANTA FE PUBLIC SCHOOLS,
AND GARY F. GREGOR, in his individual capacity,

     Defendants.

### ORDER DENYING WITHOUT PREJUDICE
### MOTION TO BIFURCATE TRIAL ON LIABILITY

     **THIS MATTER** comes before the Court on Defendant Santa Fe Public Schools' Motion to Bifurcate Trial **(Doc. 145).**   Having reviewed the parties' pleadings and the applicable law, the Court finds the Motion is not well-taken and, therefore is **DENIED** without prejudice.

### BACKGROUND

     Plaintiffs filed their complaint on October 9, 2018, alleging claims under 42 U.S.C. § 1983, 20 U.S.C. § 1681 (Title IX), and the New Mexico Tort Claims Act (the "NMTCA").   Plaintiffs allege that in 2003-2004 school year their fourth-grade teacher, Defendant Gregor repeatedly sexually assaulted them while they were students at Agua Fria Elementary.   Plaintiffs allege that Defendant Gregor groomed them, injected them with drugs, and sexually assaulted them.

     Plaintiffs are now more than 24 years old.   They allege that since the abuse, they have suffered from severe drug addiction and serous mental problems rendering them incapable of managing their affairs, with symptoms such as disassociation.   R.P. asserts she suffers from PTSD, fear, and anxiety stemming from her abuse by Defendant Gregor.

Plaintiffs asserted the following claims against Defendants Santa Fe Public Schools and

Gregor:

| | |
|---|---|
| Count I: | Substantive Due Process violation under the Fourteenth Amendment (§ 1983) against Defendant Gregor. |
| Count II: | Federal Constitutional Violation (§ 1983) against Defendant Santa Fe Public Schools |
| Count IV: | Title IX, 20 USC §§ 1681-88, for Sexual Abuse, against Defendant Santa Fe Public Schools |
| Count V: | Claims under the New Mexico Tort Claims Act against Defendant Santa Fe Public Schools |

**DISCUSSION**

Defendants seek separate liability trials.   Defendants appear to request a two-phase trial in

which the liability against SFPS would first be tried.   Then, if the jury finds SFPS liable,

Defendants propose that Gregor's liability be tried along with a joint trial on damages.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a

separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party

claims."  Fed. R. Civ. P. 42(b).   The court may find bifurcation of issues appropriate "if such

interests favor separation of issues and the issues are clearly separable." *Palace Exploration Co.*

*v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003) (citation omitted). The court abuses

its discretion when it orders bifurcation that is "unfair or prejudicial to a party." *Angelo v.*

*Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993) (citations omitted).

The party seeking bifurcation bears the burden of proving that bifurcation is proper "in

light of the general principle that a single trial tends to lessen the delay, expense, and

inconvenience." *Belisle v. BNSF Ry. Co.,* 697 F.Supp.2d 1233, 1250 (D. Kan. 2010), *cited in*

*Martinez v. Salazar*, No. CV 14-534 KG/WPL, 2015 WL 13638322, at *1 (D.N.M. July 1, 2015).

Defendants seek to bifurcate the liability trials against Defendant Gregor and Defendant SFPS.  Defendant SFPS primarily argues it would be prejudiced by the presentation of evidence of sexual assaults which largely occurred *after* Defendant Gregor left SFPS, or which are not relevant to the claims against SFPS.

Defendant SFPS faces municipal liability.   *See Burke v. Regalado,* 935 F.3d 960, 998 (10th Cir. 2019) (in order for a custom or practice to give rise to municipal liability, it must be so well-settled and widespread that the policymaking officials can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.). To show municipal liability, Plaintiffs assert they will present evidence that SFPS employees had a widespread practice of abusing students.  Plaintiff asserts they will present evidence of Defendant Gregor's abuse of Plaintiff's classmates, as well Defendant Gregor's abuse of students prior to being hired by SFPS, which SFPS ignored.

The record in this case is massive, and Plaintiffs may potentially call up to 65 witnesses and submit over 250 exhibits.  The presentation of numerous witnesses or evidence of sexual assault committed by Defendant Gregor *after* he left Santa Fe Public Schools could create substantial unfair prejudice.  Moreover, the Court notes that issues with judicial economy or convenience could be resolved if the same jury hears both phases of the trial.

However, the Court is concerned that there is no clean way to separate out the evidence in a bifurcated trial.  Defendant SFPS argues it was unaware of some of the abuse, while Plaintiff argues it was.  Therefore, Plaintiff argues that what Defendant SFPS believes is irrelevant to the claims against it is in fact highly relevant.  Plaintiff argues that there is substantial overlap in evidence and bifurcation would be impractical or prejudice them.  Therefore, it is not clear at all

that the trial phases are clearly separable. *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1119 (10th Cir. 2003).

A jury is presumed to follow jury instructions, and the Court believes that prejudice could be cured or ameliorated by an appropriate limiting instruction. *See, e.g.*, *Leiserv, LLC v. Summit Ent. Ctrs., LLC*, No. 15-cv-01289-PAB-KLM, 2017 WL 491171, at *8 n.8 (D. Colo. Feb. 6, 2017) ("A limiting instruction would be sufficient to address any resulting prejudice to defendants."); *see also S.E.C. v. Peters*, 978 F.2d 1162, 1172–73 (10th Cir. 1992) (discussing limiting instructions and Fed. R. Evid. 403).

Therefore, this motion is likely premature.   Defense counsel indicates he will file motions in limine to exclude witnesses or evidence.   The exact nature of the evidence to be presented at trial and potential bifurcation may be discussed at a subsequent hearing after the motions have been fully briefed and ruled upon.

Therefore, the Court will **DENY** the motion **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**KEA RIGGS**
**UNITED STATES DISTRICT JUDGE**